```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
JONATHAN LINVAL,                                        :
                                                        :
                              Plaintiff,                :
                                                        :
               - against -                              :    23-CV-6551 (VSB)
                                                        :
JOHN DOES 1–10,                                         :         ORDER
                                                        :
                              Defendants.               :
------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

 Before me is a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference filed by Plaintiff Jonathan Linval ("Plaintiff"). (Doc. 3). For the below reasons, Plaintiff's motion is hereby GRANTED.

 On July 27, 2023, Plaintiff initiated this action by filing a Complaint against John Does 1–10 (the "John Doe Defendants"), asserting claims for "violation of the Fourth Amendment under 42 U.S.C. § 1983 and/or Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)." (Doc. 1 at 3.) Plaintiff alleges that the John Doe Defendants are members of the United States Marshals Service (the "Marshals") and/or New York City Police Department (the "NYPD") who performed a search on his home without a warrant or consent. (*Id.*) Plaintiff does not know Defendants' identities. (*Id.* at 2.) On July 28, 2023, Plaintiff filed a motion seeking "leave to serve a so-ordered subpoena requiring the NYPD and the Marshals (through a *Touhy* request) to provide" the identity of the John Doe officers pursuant to Fed. R. Civ. P. 26(d)(1). (Doc. 3.)

 A party generally may not seek discovery from any source before the parties meet and confer as required by Federal Rule of Civil Procedure 26(f). However, a party may seek discovery before the Rule 26(f) conference if the court so orders. *See* Fed. R. Civ. P. 26(d)(1).

For present purposes, the question is simply whether Plaintiff satisfies the "flexible standard of reasonableness and good cause" necessary to authorize discovery prior to a Rule 26(f) conference. *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)).

Here, Plaintiff alleges that Defendants entered his home, stated they were looking for an individual who does not reside at Plaintiff's address, and performed a search of Plaintiff's property. (Doc. 1 at 3.) Plaintiff was not provided a warrant to justify the entry and was only "left a copy of a wanted flyer for Justin Lopez with [Plaintiff's] home address hand-written on the back." (*Id.*) The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. CONST. amend. IV. "It is well established that a warrantless search is 'per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *United States v. Diaz*, 122 F. Supp. 3d 165, 170 (S.D.N.Y. 2015) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). "[S]earches and seizures that occur in the home without a warrant are presumptively unreasonable." *Johnson v. O'Connel*, No. 15-CV-2288 (NSR), 2018 WL 5085702, at *7 (S.D.N.Y. Oct. 17, 2018) (citing *Payton v. New York,* 445 U.S. 573, 586 (1980)). Plaintiff has stated a prima facie Fourth Amendment violation and there is no way for the litigation to proceed unless the John Doe Defendants can be identified.

Accordingly, Plaintiff's Motion for Leave to Serve a Third-Party Subpoena, (Doc. 3), is hereby GRANTED. Plaintiff is ordered to file his proposed subpoena on or before August 7, 2023. Plaintiff is further ordered to file an amended complaint naming the John Doe Defendants within fourteen (14) days of receiving information sufficient to identify the John Doe Defendants. The Clerk of the Court is respectfully directed to terminate the pending gavel at

Doc. 3.

SO ORDERED.

Dated: July 31, 2023
New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge

3