UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN LINVAL,<br><br>                    Plaintiff,<br><br>-against-<br><br>JAMAL BROWN, FREDERICK PORCARO, NICHOLAS BINETTI, NICHOLAS RICIGLIANO, LOUIS CORREA, and JOHN DOES 1-5,<br><br>                    Defendants. | Case No.: 23-cv-6551<br><br>**AMENDED COMPLAINT** |

Plaintiff Jonathan Linval, by his attorneys at Rickner PLLC, complaining of Defendants, alleges, upon information, belief, and personal knowledge:

## NATURE OF THE CASE

1. This is a civil rights action brought against members of the United States Marshals Service ("Marshals") and the New York City Police Department ("NYPD") and who violated Plaintiff's rights under the Constitution of the United States and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

2. Upon information and belief, the officers obtained an arrest warrant for an individual who does not reside at Plaintiff's address, but then entered the same residence without consent, a search warrant, or other lawful authority to do so. They went on to search the home, destroying Plaintiffs' effects in the process.

## JURISDICTION & VENUE

3. Jurisdiction is proper pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named*

*Agents*, 403 U.S. 388 (1971), for violations of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

4. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

5. Venue is properly laid in the Southern District of New York pursuant to 28 U.S. Code § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in the County of the Bronx, within the jurisdictional boundaries of this District.

## PARTIES

6. Plaintiff Jonathan Linval ("Plaintiff") was, at all times relevant to this action, a resident of the State of New York.

7. Defendant Supervisory Deputy United States Marshal Jamal Brown

8. Defendant Deputy United States Marshal ("DUSM") Frederick Porcaro

9. Defendant DUSM Nicholas Binetti

10. Defendant DUSM Nicholas Ricigliano

11. Defendant Special Deputy United States Marshal/Task Force Officer Louis Correa

12. DefendantS John Does 1–5 were, at all relevant times, United States Marshals, employed by the United States, and/or officers or agents of the NYPD, employed by the City of New York.

13. Defendant Supervisory Deputy United States Marshal Jamal Brown, Defendant DUSM Frederick Porcaro, Defendant DUSM Nicholas Binetti, Defendant DUSM Nicholas Ricigliano, Defendant Special Deputy United States Marshal/Task Force Officer Louis Correa, and Defendants John Does 1–5 are referred to herein as the "Individual Defendant."

14. At all relevant times, the Individual Defendants were acting under color of law in the course and scope of their duties and functions as agents, servants, employees, and officers of

their respective law enforcement agencies, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD and/or U.S. Marshals Service,[1] with the power and authority vested in them as officers, agents, and employees of those agencies, and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD and/or U.S. Marshals Service.

## THE FACTS ALLEGED

15. On or about July 30, 2020, at approximately 9:00 a.m., the Individual Defendants came to Plaintiff's home in the Bronx and entered the residence with their weapons drawn.

16. The Individual Defendants did not receive consent to enter and had no search warrant for the location.

17. Nevertheless, the Individual Defendants proceeded to search the residence, stating that they were looking for a man named Justin Lopez—an individual who did not reside at Plaintiff's address.

18. The officers went into various rooms of the home, damaging and destroying Plaintiff's personal effects in the process.

19. Defendants provided no warrant to Plaintiff justifying this entry; instead, they left a copy of a wanted flyer for Justin Lopez with Linval's home address hand-written on the back.

---

[1] The NYPD could not initially identify any officers that were involved, and have agreed to continue their search based on the information provided by the U.S. Marshals.

**CLAIM FOR RELIEF:**
**VIOLATIONS OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983 AND/OR BIVENS V. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388 (1971)**

20. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

21. The Individual Defendants entered and searched Plaintiff's home without a warrant, consent, or any lawful authority to do so.

22. These officers' actions were wanton, reckless, and made with complete disregard of Plaintiff's constitutional rights.

23. By virtue of the aforementioned acts, Plaintiff was deprived of his civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

24. As a result of this unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983 and/or *Bivens*, 403 U.S. 388.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against each of the Defendants:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorney's fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
September 30, 2023

Rickner PLLC

By:  /s/

Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*