

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 20, 2024

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
500 Pearl Street
New York, New York 10007

      Re:    *Jonathan Linval v. Brown et al.*, No. 23 Civ. 6551

Dear Judge Subramanian:

This Office represents Jamal Brown, Fredrick Porcaro, Nicholas Binetti, Nicholas Ricigliano, and Louis Correa (the "Individual Defendants") in the above-referenced action brought by Plaintiff Jonathan Linval, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] I write to respectfully request (i) an extension of the Individual Defendants' February 22, 2024 deadline to move for dismissal; (ii) an adjournment of the initial conference that has been scheduled for March 4, 2024; and (iii) a stay of discovery pending adjudication of the Individual Defendants' anticipated motion to dismiss.

**Extension of Deadline to File Motion to Dismiss**

I ask that the court extend the Individual Defendants' deadline to move for dismissal by one month from February 22, 2024, to March 25, 2024. The reason for this request is that I have recently returned to work from a four-month parental leave, and am now taking over this case. An extension would provide me with additional time to familiarize myself with the case and prepare the Individual Defendants' motion papers. The Government requested and received one extension of this deadline already, prior to my return from parental leave. Plaintiff consents to this request.

**Adjournment of the Initial Conference and Stay of Discovery**

I also ask that the Court indefinitely adjourn the initial conference scheduled for March 4, 2024, and grant a stay of discovery pending adjudication of the Individual Defendants' anticipated motion to dismiss.

First, as will be discussed in the Individual Defendants' forthcoming motion to dismiss, Plaintiff's Amended Complaint fails to plead a legally cognizable claim against any Individual Defendant under *Bivens*. Among other things, Plaintiff is precluded from asserting *Bivens* claims

---

[1] Plaintiff asserts one count against the Individual Defendants under *Bivens* "and/or" Section 1983. *See* Am. Compl. ¶ 24 (Dkt. No. 7). Since all of the Individual Defendants are federal officers, the "proper course" here is to construe the Amended Complaint as solely "stating a cause of action under *Bivens*." *Chinniah v. FERC*, No. 18-CV-8261, 2022 WL 392904, at *6 (S.D.N.Y. Feb. 9, 2022) (holding that an action under Section 1983 "cannot lie against federal officers."), *aff'd*, 62 F.4th 700 (2d Cir. 2023).

against the Individual Defendants because all of them were members of the United States Marshals Service at the time of the events alleged in the Amended Complaint.  *See, e.g.*, *Lewis v. Bartosh*, No. 22-3060-PR, 2023 WL 8613873, at *2 (2d Cir. Dec. 13, 2023) (affirming dismissal of *Bivens* claims because the defendants were Deputy Marshals rather than federal narcotics agents).  It is axiomatic that "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).  In other words, "a plausible claim must come *before* discovery, not the other way around."  *Angiulo v. Cnty. of Westchester*, No. 11-cv-7823 (CS), 2012 WL 5278523, at *3 n.4 (S.D.N.Y. Oct. 25, 2012); *see also Techreserves Inc. v. Delta Controls, Inc.*, No. 13-cv-752 (GBD), 2014 WL 1325914, at *11 (S.D.N.Y. Mar. 31, 2014) ("As Plaintiff has not pleaded facts sufficient to render the conclusory allegations . . . plausible, it is not entitled to engage in discovery in order to determine whether it can state a plausible claim."); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim."); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (explaining that the costs of modern litigation "counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint") (citation omitted)).  For this reason alone, the Court should stay discovery.

Second, the Individual Defendants plan to assert a qualified immunity defense, which the Court should resolve before any discovery commences.  A qualified immunity defense should be resolved "at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam), because it is "both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation,'" *Iqbal*, 556 U.S. at 672 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  Indeed, the "driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (alteration, citation, and internal quotation marks omitted).  "Unless the plaintiff's allegations state a claim of violation of clearly established law"— which Plaintiff's allegations do not—"a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  *Mitchell*, 472 U.S. at 526; *accord Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f [a] defendant . . . plead[s] [a qualified] immunity defense, the district court should resolve that threshold question before permitting discovery."); *Garcia v. Doe*, 779 F.3d 84, 97 (2d Cir. 2015) ("[B]ecause qualified immunity protects officials not merely from liability but from litigation, . . . the issue should be resolved when possible on a motion to dismiss, before the commencement of discovery." (citation and internal quotation marks omitted)).  Accordingly, no discovery should commence until the Court has resolved the Individual Defendants' qualified immunity defense.

Finally, even aside from the stay necessitated by Plaintiff's failure to plead a legally cognizable claim and the need to resolve the Individual Defendants' qualified immunity defense, a stay of discovery is appropriate under Rule 26(c) of the Federal Rules of Civil Procedure.  Courts have "discretion under Rule 26(c) to stay discovery pending decision on a motion to dismiss if the moving party demonstrates good cause."  *Golightly v. Uber Techs., Inc.*, No. 21-cv-3005 (LJL), 2021 WL 3539146, at *2 (S.D.N.Y. Aug. 11, 2021).  In determining whether the moving party has demonstrated good cause, courts consider "'(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'"  *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-cv-11118 (LJL), 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021) (alteration in original)

(quoting *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Here, Plaintiff may seek wide ranging discovery, and Plaintiff cannot show that he would be prejudiced in any way by a stay of discovery during the limited time required for this Court to decide the motion to dismiss. Further, the Individual Defendants' motion will present multiple "substantial grounds" for dismissal. *Hong Leong*, 297 F.R.D. at 72 (citation omitted). In particular, as noted above, Plaintiff is precluded from asserting *Bivens* claims against the Individual Defendants because all of them were members of the United States Marshals Service at the time of the events alleged in the Amended Complaint. *See, e.g.*, *Lewis*, 2023 WL 8613873, at *2.

For these reasons, the Individual Defendants ask that the Court indefinitely adjourn the initial conference scheduled for March 4, 2024, and grant a stay of discovery pending adjudication of the Individual Defendants' anticipated motion to dismiss. Plaintiff takes no position on these requests.

I thank the Court for its consideration of these requests.

Defendants' request is GRANTED. The March 4, 2024 conference is adjourned *sine die*.

The Clerk of Court is directed to terminate the motion at ECF No. 16.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 21, 2024

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   */s/ Jeremy Liss*
      JEREMY M. LISS
      Assistant United States Attorney
      Tel: (212) 637-2795
      Jeremy.Liss@usdoj.gov

3